[No. 26410. Department One. April 26, 1937.]

ELDON CALLOWAY, *Respondent*, v. TWIN CITY CREAMERY COMPANY, *Appellant*.[1]

*Moulton & Powell*, for appellant.

*Edward A. Davis*, for respondent.

BLAKE, J.—June 26, 1935, plaintiff and defendant entered into the following contract:

"ELDON CALLOWAY to be employed for one year or more by Twin City Creamery Company. The first two months to receive $80 per month; the second two months to receive $90 per month salary; and thereafter to receive $100 per month salary—that is, providing that the work is satisfactory. In case the work

[1] Reported in 67 P. (2d) 329.

is not satisfactory he will be discharged and we will pay him 5c per mile and return the truck to him in A-1 condition, and he will refund to us the payments we have made to him on 1934 Ford Truck, Motor No. 1202807.

"Twin City Creamery Company
"By Paul Spreen, President."

On the same day, plaintiff executed a bill of sale to the truck described in the contract, and delivered it and the truck to defendant. Plaintiff entered the employment of defendant, and all went well until April 11, 1936. On that day, when plaintiff went to defendant's office for his pay check, he found that he had been docked for two days absence. He appears to have been somewhat perturbed by this. At that time, Mr. Spreen, the president of the defendant, was "back in the plant." According to the testimony of three witnesses, plaintiff started back, saying as he left the office: "Here is where I go out and get myself fired."

When he found Mr. Spreen, a sharp controversy ensued over the docking in plaintiff's pay. Plaintiff testified that during the controversy Spreen discharged him. Spreen and another witness not only denied this, but affirmatively testified that plaintiff was told to go back to work. Plaintiff, however, did not go back to work. Later that morning there was some discussion between him and Spreen about the contract, the amount paid by the defendant on the purchase price, and the mileage put on the truck by the defendant. The defendant, however, retained possession of the truck. Plaintiff thereupon brought this action for the value of the truck, and the further sum of $401.80, which he alleged to be the amount due him from the defendant for the use of the truck at the rate of five cents per mile, less the amount paid by defendant on the purchase price.

The cause was tried to the court, which made find-

ings of fact to the effect that defendant converted the truck to its own use; that the amount due from defendant to plaintiff for the use of the truck, at the rate of five cents per mile, was offset by the amount paid by the defendant on the purchase price. Judgment was accordingly entered in favor of plaintiff for $350, the value of the truck. Defendant appeals.

In the view that we take of the contract and evidence, the following finding, made by the court, is controlling in its import and significance:

"That the plaintiff went to work for the defendant at the time of the execution of the said contract, and continued in the employ of the defendant until the 11th day of April, A. D. 1936, and that at said time the defendant refused to pay the plaintiff the full amount of the salary stipulated in the said agreement but claimed and withheld a portion thereof on account of alleged loss of time from the work by the plaintiff. *That thereupon the employment of the plaintiff by the defendant terminated."*

From the contract, accompanied as it was by the bill of sale, it is clear that ownership of the truck was to be absolute in the appellant, provided, of course, that it did not discharge respondent within the year. This view of the contract is completely corroborated by the theory on which the case was tried. From the foregoing resume of the testimony, it is apparent that respondent conceived that it was necessary, in order to recover, for him to prove that he had been discharged. On the other hand, the appellant sought to establish the fact that he had quit. On this issue the court merely found that *"the employment of the plaintiff by the defendant terminated."*

It is neither a finding that respondent was discharged nor that he quit. Inasmuch as it was necessary, in order to recover, for respondent to establish the fact that he had been discharged, the finding does not sup-

176

port the judgment. Considering the character of the finding made, we infer that the court was of the view that the evidence did not warrant a finding to the effect that appellant discharged respondent. But, even though that may not be a fair inference from the finding, we are of the view that the evidence not only fails to establish the fact that respondent was dis-charged, but overwhelmingly preponderates to establish the fact that he quit.

Judgment reversed.

STEINERT, C. J., MAIN, MILLARD, and GERAGHTY, JJ., concur.